IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO._____ |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| BF-SOUTHEAST, LLC, d/b/a PROFESSIONAL FITNESS, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Quiannta Mauney, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that defendant BF-Southeast, LLC d/b/a Professional Fitness ("Defendant"), discriminated against Quiannta Mauney by discharging her because she complained about sexual harassment. This action further seeks to compel Defendant's compliance with 29 C.F.R. § 1602.7, as authorized by 42 U.S.C. § 2000e-8(c), requiring the yearly filing of Standard Form 100, otherwise known as Employer Information Report EEO-1 ("EEO-1"), with the Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Nevada limited liability company authorized and doing business in the state of South Carolina and the City of Greenville, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

### Retaliation

6. More than thirty days prior to the institution of this lawsuit, Quiannta Mauney filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant contracts with gyms and health clubs to provide fitness training at their facilities.

8.     Quiannta Mauney was employed by Defendant as a personal trainer at a Peak Fitness facility located in Greenville, South Carolina (the "facility").

9.     Since at least January 15, 2008, Defendant engaged in unlawful employment practices at the facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). Specifically, Defendant retaliated against Quiannta Mauney ("Mauney") and discharged her from her personal trainer position because she complained about incidents she reasonably perceived to be sexual harassment.

10.    The sexual harassment that Mauney reported was perpetrated by Defendant's male General Manager who had direct supervisory authority over Mauney. The harassment occurred over a period of about eight days, and included the General Manager calling Mauney "baby" at least twice; looking at Mauney up and down and winking at her at least twice; calling Mauney "beautiful;" and making comments about Mauney's body, including saying "that's what a body should look like" and asking her if she wore clothing that shows her back during the summer. The General Manager also rubbed Mauney's back while saying "mmm, nice and tight" and held Mauney's hand. At least one of Mauney's clients remarked that it was clear that the General Manager was flirting with Mauney. The harassment occurred during approximately the first nine days that Mauney worked with the General Manager, as the General Manager started in his position on or about January, 2008, and Mauney reported his inappropriate sexual conduct on or about January 10, 2008.

11.    On or about January 10, 2008, Mauney reported the incidents to Defendant's corporate headquarters on an online incident report. On or about January 13, 2008, Mauney was informed by Defendant's Area Manager that she needed to file her sexual harassment complaint

3

at the facility where she worked. Mauney went to the facility on Sunday, January 13, 2008, her day off, and completed the written incident report detailing the allegations of sexual harassment.

12. On January 15, 2008, Mauney discovered one of her clients had been transferred to another person for training.

13. Contrary to normal procedure, Mauney was told nothing about the transfer. Mauney trained her other scheduled clients on January 15, 2008.

14. Also on January 15, 2008, the General Manager who had subjected Mauney to sexual harassment resigned, but Mauney was not informed of his resignation.

15. The next morning, January 16, 2008, Mauney discovered another of her clients had been transferred to a different trainer. Once again, Mauney was told nothing about the transfer, contrary to the normal procedure.

16. After discovering a second client had been transferred, Mauney called the Area Manager to ask the reason for the transfers. During this call, the Area Manager who was friends with the General Manager against whom Mauney complained terminated Mauney because of her complaints of sexual harassment, telling Mauney, among other things, "you have ruined the [General Manager's] life, get the fuck out of my club." Mauney removed her personal belongings from the facility and left.

17. The effect of the practices complained of above has been to deprive Mauney of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mauney to oppose sexual harassment in the workplace.

### Failure to File EEO-1

20. Defendant has at all relevant times employed more than 100 persons.

21. Since at least September 30, 2008, Defendant has failed to file the EEO-1 with the Commission as required by 29 C.F.R. § 1602.7.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose, or have opposed unlawful employment practices or otherwise engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Mauney whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D.   Order Defendant to make Mauney whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.   Order Defendant to make Mauney whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.   Order Defendant to pay Mauney punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.   Grant a permanent injunction compelling Defendant to file the EEO-1.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 29th day of September, 2010.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    131 M Street, N.E.

Washington, D.C.  20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

**s/ NICHOLAS WALTER**
NICHOLAS WALTER
Trial Attorney (Fed. Bar No. 9975)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6472
Facsimile: 704.954.6412
Email: Nicholas.Walter@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**