## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CA: 6:10-cv-02538-JDA |
| v. | ) ) ) | CONSENT DECREE |
| BF-SOUTHEAST, LLC, d/b/a PROFESSIONAL FITNESS, | ) ) ) | |
| Defendant. | ) ) | |

     The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's Complaint alleged that Defendant BF-Southeast, LLC d/b/a Professional Fitness ("Defendant") discriminated against Quiannta Mauney by discharging Mauney in retaliation for opposing practices that she reasonably believed were violations of Title VII.  The Commission's Complaint also sought to compel Defendant's compliance with 29 C.F.R. § 1602.7, as authorized by 42 U.S.C. § 2000e-8(c), requiring the yearly filing of Standard Form 100, otherwise known as Employer Information Report EEO-1 ("EEO-1"), with the Commission.

     The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of sex, including by subjecting them to a sexually hostile work environment, or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Quiannta Mauney the sum total of Eighteen Thousand Dollars ($18,000.00) in settlement of the claims raised in this action. Payment shall be made in installments with the first installment of Twelve Thousand Dollars ($12,000) being made within ten (10) days after the Court approves this Consent Decree. Defendant shall make three additional payments of Two Thousand Dollars ($2,000) each due no later than March 15, 2012, April 15, 2012, and May 15, 2012, respectively. Defendant shall make each payment by mailing a check to Quiannta Mauney at the address provided by the Commission using certified mail, delivery restricted to addressee, for the respective payments. Within ten (10) days after each

check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Quiannta Mauney.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Quiannta Mauney any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 436-2008-00361 and the related events that occurred thereafter. Within thirty-five (35) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Quiannta Mauney with a neutral letter of reference. A copy of this letter is attached as Exhibit A. Should Defendant be contacted via telephone by any potential employer of Quiannta Mauney asking for a reference, Defendant should provide a copy of the Letter of Reference via mail or facsimile to the potential employer no less than two (2) business days after being contacted. Furthermore, while on the telephone with the potential employer, Defendant should not state anything other than what is contained in the reference letter of the specific individual. Within two (2) business days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Quiannta Mauney at the address provided by the Commission.

6. Defendant has in place a harassment policy, a copy of which is attached hereto as Exhibit B, that it shall maintain throughout the term of this decree. Within thirty-five (35) days of the entry of this Consent Decree by the Court, Defendant shall distribute a copy of the policy to all current employees and notify the Commission that the policy has been distributed. During the term of this Consent Decree, Defendant shall distribute the aforementioned harassment policy to all new employees and review it with them at the time of hire, and shall have a

procedure in place that confirms that each new employee had ample time to review the harassment policy.

7.     During the term of this Consent Decree, Defendant shall post a copy of the harassment policy described in paragraph 6, *supra*, in all of its work sites in a place where the harassment policy is visible to employees.  If the harassment policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the harassment policy within five (5) business days from the date the harassment policy becomes defaced or unreadable. Within thirty-five (35) days of the entry of the Consent Decree by the Court, Defendant will post the harassment policy and notify the Commission that it has been posted.

8.     During the term of this Consent Decree, Defendant shall provide annual training to all of its owners, managers, and supervisors which shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against retaliation in the workplace.  The training shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.  The parties agree that Defendant may provide the training through a series of training sessions instead of conducting a single centralized training program.

Defendant shall complete the first series of training sessions within one hundred (100) days after entry of the Consent Decree by the Court.  Each subsequent series of training sessions shall be conducted at approximately one-year intervals.  Within thirty-five (35) days of the entry of the Consent Decree by the Court, Defendant shall provide the Commission with an agenda for the initial training sessions.  At least fifteen (15) days prior to each subsequent series of training sessions, Defendant shall provide the Commission with an agenda for those sessions.  Within ten

(10) days after completion of each series of training sessions required by this Consent Decree, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all owners, managers, and supervisors that participated in the training.

9. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C, hereby made a part of this Consent Decree, in all work sites in a place where it is visible to employees.  If the Employee Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Employee Notice. Within thirty-five (35) days after entry of this Consent Decree, Defendant shall notify the Commission that the Employee Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree.  The reports will include the following information:

> A. the identities of all individuals who, during the preceding six (6) months, have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;
>
> B. for each individual identified in 10.A. above, whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) and if so, a statement describing the change; and
>
> C. for each individual whose employment status has changed as identified in 10.B. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11.    During the term of this Consent Decree, Defendant shall file yearly EEO-1 reports with the Commission as required by 29 C.F.R. § 1602.7. Within fifteen (15) days of filing each EEO-1 report, the Defendant shall also send a copy of the filed report to the Commission in the manner specified in paragraph 15 below.

12.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities and work sites, interview employees and examine and copy documents.

13.    If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fifteen (15) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14.    The term of this Consent Decree shall be for two (2) years from its entry by the Court.

15.    All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent to: (1) if by mail − Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202; or (2) if by email − EEOC-CTDO-decree-monitoring@eeoc.gov.

16.    Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

<u>s/ Jacquelyn D Austin</u>
Jacquelyn D. Austin
United States Magistrate Judge

Dated: February 6, 2012
Greenville, South Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

 **s/ Nicholas Walter**_____
NICHOLAS WALTER
Trial Attorney (Fed. Bar No. 9975)
EQUAL EMPLOYMENT OPPORTUNITY  COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6472
Facsimile: 704.954.6412
E-mail: Nicholas.Walter@eeoc.gov


BF-SOUTHEAST, LLC d/b/a PROFESSIONAL FITNESS, Defendant

    **s/ Vernon F. Dunbar**_____
VERNON F. DUNBAR (Fed. Bar No. 4818)
Turner, Padget, Graham & Laney, P.A.
Post Office Box 1509
Greenville, SC 29602
vdunbar@turnerpadget.com
Telephone:  (864) 552-4601
Facsimile:   (864) 552-4620

8